

# EDWARDS LAW FIRM
## PLLC

**ATTORNEYS AND COUNSELORS AT LAW**

602 Sawyer Street, Suite 490 • Houston, Texas 77007 • www.eslawpartners.com

February 14, 2022

Via Email (lisa_edwards@txs.uscourts.gov)

The Hon. Alfred H. Bennett
c/o Lisa Edwards
Case Manager to Judge Alfred Bennett
United States Courthouse
515 Rusk Street, Room 8624
Houston, Texas 77002

RE: Civil Action No: 4:21-cv-3730; Kenneth Darrius Anderson (decedent); Estate of Kenneth Anderson, Jr.; All Wrongful Death Beneficiaries of Kenneth Anderson, Jr.

Dear Judge Bennet:

This letter responds to the arguments raised by Defendant Cristal Estrada in seeking to delay justice in this case through the application of qualified immunity. Defendant Estrada joined in a motion seeking to stay these proceedings based on alleged pending criminal proceedings on December 9, 2021, and Plaintiffs timely responded. Defendant Estrada participated in the parties Rule 26(f) conference on February 11, 2022. No discovery has been sent to Defendant Estrada, and no discovery is pending.

Since Defendant Estrada violated clearly established constitutional rights of Anderson, she is not entitled to qualified immunity. Additionally, in her Motion, Defendant Estrada only refers to governmental/sovereign immunity under the Texas Tort Claims Act. She wholly fails to mention a defense of qualified immunity at all. In fact, the word "qualified" does not appear in the Motion at all.

Qualified immunity shields government officials from § 1983 liability unless the defendant's actions "violated a federal statutory or constitutional right" and the right was "clearly established at the time." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). Courts may begin the analysis at either prong. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (quoting *Reichle*, 566 U.S. at 664). "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). Thus, the "Supreme Court has rejected

a rigid requirement that previous cases be 'materially similar' in order for the law to be clearly established. We need not immunize an officer from suit for an obvious violation simply because no case has held that the officer's precise conduct was unlawful." *Gerhart v. McLendon*, 714 F. App'x 327, 334-35 (5th Cir. 2017) (per curiam) (citations omitted). Accordingly, a nonmovant satisfies the clearly established prong by demonstrating that "the state of the law at the time of the incident provided fair warning to the defendants that their alleged [conduct] was unconstitutional." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (citation and internal quotation marks omitted).[1]

Nor should a stay be imposed pending resolution of Defendant Estrada's pending motions to dismiss. In *Alcala v. Texas Webb County,* a stay was denied, and only a temporary stay was issued as to an individual defendant who had already been charged with a crime (which is not the case here). *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391, 407-08 (S.D. Tex. 2009) (quoting *McKnight v. Blanchard,* 667 F.2d 477, 479 (5th Cir. 1982)) ("After considering the various interests in this case, the Court finds that a stay of the entire case is not warranted…All parties should begin discovery immediately. A stay order will be reversed when found to be immoderate or of an indefinite duration.").

Should the Court consider a stay, Plaintiffs request that it be limited in time and scope under Rule 26(c)(1)(D), and that Defendant Estrada produce the video evidence in the case (or permit Plaintiffs to discover this evidence). Clearly this is public information, and Defendant Estrada has already permitted Plaintiffs' counsel to view small sections of this video. There are facts shown on the video that Plaintiffs have not seen, but should be permitted to see and amend their complaint if necessary.

Respectfully submitted,

**EDWARDS LAW FIRM PLLC**

By: */s/ George Edwards III*

George Edwards III
State Bar No. 24055438
Fed. Id. No. 1031248
Eman Patricia Arabi Katbi
State Bar No. 24092045
Fed. Id. No. 3355458
Christine D. Herron
State Bar No. 24076435
Fed. Id. No. 3654794
602 Sawyer Street, Suite 490
Houston, Texas 77007
Phone: (713) 565-1353
Fax: (713) 583-8715

---

[1] Defendant Estrada only asserts governmental immunity in her Motion in response to state law claims, and asserts only a "no evidence" defense to the §1983 claims.