

# EDWARDS LAW FIRM
## PLLC

**ATTORNEYS AND COUNSELORS AT LAW**
602 Sawyer Street, Suite 490 • Houston, Texas 77007 • www.eslawpartners.com

February 14, 2022

Via Email (lisa_edwards@txs.uscourts.gov)

The Hon. Alfred H. Bennett
c/o Lisa Edwards
Case Manager to Judge Alfred Bennett
United States Courthouse
515 Rusk Street, Room 8624
Houston, Texas 77002

RE:  Civil Action No: 4:21-cv-3730; Kenneth Darrius Anderson (decedent); Estate of Kenneth Anderson, Jr.; All Wrongful Death Beneficiaries of Kenneth Anderson, Jr.

Dear Judge Bennet:

This letter responds to the arguments raised by Defendant Harris County in seeking to delay justice in this case through the application of sovereign immunity. Defendant has already filed a motion seeking to stay these proceedings based on alleged pending criminal proceedings on December 9, 2021, and Plaintiffs timely responded. Defendant Harris County has also provided its initial disclosures to Plaintiffs, dated December 3, 2021. Further, on February 11, 2022, the parties participated in their required Rule 26(f) conference.

The real aim in trying to stay discovery in this case is to prevent Plaintiffs from obtaining video footage and the body worn camera footage documenting the execution of Kenneth Anderson. Plaintiffs have conferred regarding entering into a protective order with Defendants to keep the video footage confidential for a specified period of time. The parties cannot agree as to the period of time at which the footage would no longer be considered confidential. Defendants Harris County and Deputy Estrada seek to have any proposed protective order expire upon completion of the pending criminal and administrative proceedings against the deputies in this case. These investigations cannot conclude, per Defendants' counsel, until the report from the Anderson autopsy is obtained. Said report has not been completed and there is no explanation as to why.

Under the Texas Code of Criminal Procedure Article 49.25, the autopsy report is due upon completion of said autopsy, and it shall be transmitted to the district attorney in counties that have a district attorney, or if not, to the county attorney. Failure to comply with the law is a class B misdemeanor. The autopsy report has not been provided, so there is no date on which any pending criminal or administrative investigation would conclude, and therefore no end to a protective order.

George Edwards III  |  Peyton B. Hopkins  |  Christine D. Herron  |  Eman Patricia Katbi
713.565.1353  |  fax  713.583.8715  |  george@eslawpartners.com

In their Response to Defendant's Rule 12(b) Motions to Dismiss, Plaintiffs point out that any sovereign immunity is waived by Defendant's use of tangible personal property to fail to accommodate Anderson by refusing him air and water, failing to render proper medical care to Anderson, and then to in fact drive stun him to death with County property. Clearly, the patrol car and Taser are property—personal property and not real property. Further, only agents (the Deputies in this instance) of a governmental unit, that being Defendant Harris County, are entitled to use these two pieces of personal property. Thus, agents of a governmental unit, Deputies of Defendant Harris County, were the users of the personal property, the patrol car and the Taser. The facts alleged by Plaintiffs satisfy the requirements of a clear and unambiguous legislative waiver of immunity for their negligence and gross negligence claims against Defendant Harris County.

Should the Court consider a stay, Plaintiffs request that it be limited in time and scope under Rule 26(c)(1)(D), and that Defendant Harris County produce the video evidence in the case (or permit Plaintiffs to discover this evidence). Clearly this is public information, and Defendant Harris County has already permitted Plaintiffs' counsel to view small sections of this video. There are facts shown on the video that Plaintiffs have not seen, but should be permitted to see and then, amend their complaint if necessary. Plaintiffs also made these requests in their Response to Defendant Harris County's Motion to Dismiss Plaintiffs' Amended Complaint.

Defendant Harris County's claim of sovereign/governmental immunity is only asserted against Plaintiffs' state law claims, but not against any of the pending federal claims against Defendant.

Respectfully submitted,

**EDWARDS LAW FIRM PLLC**

By: *George Edwards III*

George Edwards III
State Bar No. 24055438
Fed. Id. No. 1031248
Eman Patricia Arabi Katbi
State Bar No. 24092045
Fed. Id. No. 3355458
Christine D. Herron
State Bar No. 24076435
Fed. Id. No. 3654794
602 Sawyer Street
Suite 490
Houston, Texas 77007
Phone: (713) 565-1353
Fax: (713) 583-8715
Email: george@eslawpartners.com
Email: eman@eslawpartners.com
Email: christine@eslawpartners.com