UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF KENNETH ANDERSON, JR., *et al*, | § § | |
| Plaintiffs, | § § | |
| v. | § § § | Civil Action No. 4:21-cv-3730 |
| HARRIS COUNTY, TEXAS, *et. al*, | § § | |
| Defendants. | § | |

### DEFENDANT MERCY GARCIA-FERNANDEZ'S MOTION FOR A NARROWLY TAILORED STAY OF DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Mercy Garcia-Fernandez ("Garcia") files this motion for a narrow stay of discovery and respectfully show the Court as follows:

## I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. This civil rights lawsuit stems from the arrest and death of Kenneth Anderson ("Anderson") on or about October 10, 2021 (the "incident"). [Doc. #30]. Plaintiffs allege claims pursuant to 42 U.S.C. Section 1983 and other federal statutes and state law claims against the County and Deputies in the Harris County Sheriff's Office ("HCSO"). [Doc. #1, ¶¶33-149].

2. A month and four days after the arrest and death of Anderson, this action was filed. Because this was an in-custody death, at this time the following investigations of this incident are pending: HCSO Internal Affairs Division and Homicide Division investigations and a District Attorney investigation.

## II. STATEMENT OF ISSUES AND ARGUMENT

**A.     Statement of Issues**

1. **Whether this Court should enter a narrowly tailored stay of discovery to protect**

1

**Deputy Garcia's Fifth Amendment privilege against self incrimination.**

**2. Whether this Court should enter a narrowly tailored stay of discovery limiting discovery to the issue of qualified immunity.**

**B.** **Argument and Citation of Authority**

**(i) Fifth Amendment Privilege**

3. This Court has previously ruled on this very issue in a similar case. *See Tuttle v. City of Houston*, 201 W.L. 2641439 (June 9, 2021). This Court "made clear that it would not entertain a blanket stay of the civil proceeding in favor of the State's Criminal Prosecutions but was prepared to enter a narrowly tailored stay of discovery as to the Indicted Defendants' Fifth Amendment privileges" and set forth a legal primer on this issue:

> "[T]here exists no general constitutional, statutory, or common law prohibition against the prosecution of parallel criminal and civil actions, even where such actions proceed simultaneously. *Alcala v. Texas Webb Cty.*, 625 F. Supp. 2d 391, 396 (S.D. Tex. 2009) (citing *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 666–67 (5th Cir.1981)). Rather, the district court has wide discretion to issue a stay, including "the authority to stay a civil proceeding pending the resolution of a criminal proceeding when the interests of justice so require." *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 905 (S.D. Tex. 2008) (citing *United States v. Little Al*, 712 F.2d 133, 135 (5th Cir.1983)).
>
> But it "is the rule, rather than the exception that civil and criminal cases proceed together," and a "complete stay of a pending civil action until the conclusion of a related criminal proceeding is considered to be an extraordinary remedy." *Alcala*, 625 F. Supp. 2d at 396 (internal citations and quotation marks omitted). In determining whether to issue such a stay, the court considers
>
>> (1) the extent to which the issues in the criminal case overlap with the issues presented in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Dominguez*, 530 F. Supp. 2d at 905 (citing *Holden Roofing, Inc. v. All States Roofing, Inc.*, Civ. A. No. H–06–3406, 2007 WL 1173634, *1 (S.D. Tex. Apr. 18, 2007)).

4. The similarity of issues in the parallel civil and criminal actions "is considered the most important threshold issue in determining whether to grant a stay." *Dominguez,* 530 F.Supp.2d at 906-07. In this case the civil case and criminal investigation involve the same nucleus of facts, i.e., the events leading up to and surrounding the death of Kenneth Anderson.

5. With respect to the second factor, the status of the criminal case, although no indictment has been returned in the criminal investigation, at this very early stage, the interest of justice supports a stay to protect the integrity of the nascent criminal investigation.

> The very fact that there is clear distinction between the civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

Indeed, the unimpeded resolution of the criminal investigations will serve both the interests of the public and the parties.

6. With respect to the third factor, the interests of plaintiffs in proceeding expeditiously weighed against prejudice caused by a delay, the temporal proximity of the incident supports a stay. Because the incident occurred recently on October 10. 2021, a stay will not prejudice the progress of this civil action.

7. With respect to the fourth factor, the private interests and burdens of the defendants, the defendants will suffer no prejudice by a stay in this case. A stay

will preserve individual defendants' rights against self-incrimination and preserve the integrity of the criminal investigation and any subsequent prosecution.

8. The fifth factor, the interest of the courts, and the sixth factor, the public interest, support a stay so that the criminal case may proceed with priority:

> There is a clearcut distinction between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a criminal trial, and between the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. but these distinctions do not mean that a civil action and a criminal action involving the same parties and some of the same issues are so unrelated that in determining good cause for discovery in the civil suit, a determination that requires the weighing of effects, the trial judge in the civil proceeding should ignore the effect discovery would have on a criminal proceeding that is pending or just about to be brought. The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell v. Eastland*, 307 F.2d at 487.

9. Most importantly, parallel civil and criminal proceedings run a real risk that Deputy Garcia may have to surrender rights guaranteed to her by the Fifth Amendment of the United States Constitution in order to properly defend against the civil case.

10. When evaluating this factor, the Court should consider whether by allowing full discovery in the civil case to continue, the defendant can effectively defend the civil lawsuit without being pressured into waiving her Fifth Amendment rights. *Alcala*, 625 F.Supp. at 401.

11. It is well established that in a civil case, a jury may draw negative inferences from a party's assertion of the privilege against self-incrimination. The United States Supreme Court stated: "the Fifth Amendment does not forbid adverse inferences

against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (*emphasis added*). Although not precedent, Texas state courts have followed this rule. *See* Tex.R.Evid. 513(c); See also *Webb v. Maldonado*, 331 S.W.3d 879, 883 (Tex.App. 2011); *Wilz v. Flournay*, 228 S.W.3d 674, 677 (Tex. 2007).

12. Further, in a civil case, a judge may give the adverse instruction; that is, the jury may consider assertion of the 5th Amendment to the detriment of the defendant. Thus, if the court does not narrowly tailor discovery, Plaintiff will be able to argue to the jury that it can assume Defendant is at fault because she exercised her 5th Amendment privilege.

**(ii) Qualified Immunity**

13. Plaintiffs have alleged and Deputy Garcia agrees that at all relevant times, she was acting within the course and scope of her employment as a Harris County Deputy Sheriff

14. Deputy Garcia has filed a Rule 12(b)(6) motion to dismiss, relying in part on qualified immunity as a bar to Plaintiffs' lawsuit. Dkt. 70. See *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982).

15. Assuming *arguendo* the Court denies Deputy Garcia's 12(b)(6) motion to dismiss, discovery should be limited to the issue of qualified immunity. Immunity is a threshold question that may dispose of the case and should be resolved as early as possible in a lawsuit. The U.S. Supreme Court and the Fifth Circuit advise that discovery should not be allowed until the resolution of the threshold question of immunity. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991).

16. Immunity is intended to shield the defendant from the burdens of defending the suit. One of the benefits of an immunity defense is "avoiding the costs and general consequences of subjecting public officials to the risks of discovery." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-44 (1993). The benefit of avoiding the burden of discovery is lost when defendants are forced to move forward with discovery before their immunity defense has been resolved. 506 U.S. at 145.

17. In *Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012), the Fifth Circuit reversed Judge Hoyt's ruling permitting general discovery when a qualified immunity defense was raised. "The district court doubly abused its discretion by (apparently) refusing to rule on LeBlanc's and Wiley's motion to dismiss and by failing to limit discovery to facts necessary to rule on their qualified immunity defense." 691 F.3d at 649.

**Prayer**

For the reasons stated herein, Deputy Garcia requests that this Court enter an order narrowly tailoring a stay of discovery to protect Deputy Garcia's Fifth Amendment rights and to give her the full benefit of her qualified immunity defense to which she is entitled.

Respectfully submitted,

Date: March 4, 2022

*/s/ Richard Kuniansky*
RICHARD KUNIANSKY
State Bar No. 11762840
Tel: (713) 622-8333
Fax: (281) 783-4541
rkuniansky@gmail.com
440 Louisiana, Suite 1440
Houston, Texas 77002

# CERTIFICATE OF CONFERENCE

I certify that, on February 28, 2022, I emailed the following parties seeking their position on the relief sought in this motion. Their respective positions are listed below:

| | |
|---|---|
| George Edwards, III<br>Christine Diane Herron<br>Eman Patricia Arabi Katbi<br>Edwards Law Firm, PLLC<br>602 Sawyer St., Ste. 490<br>Houston, TX 77007<br>Attorneys For Plaintiffs | ___ Opposed<br>___ Unopposed<br>___ No Response<br>_x_ Responded But Did Note State<br>      Whether Opposed or Unopposed |
| Jennifer F. Callan<br>Harris County Attorney's Office<br>1019 Congress, 15th Floor<br>Houston, TX 77002<br>Attorney For Defendant Harris County | ___ Opposed<br>_x_ Unopposed<br>___ No Response<br>___ Responded But Did Not State<br>      Whether Opposed or Unopposed |
| James C. Butt<br>Harris County Attorney's Office<br>1019 Congress, 15th Floor<br>Houston, TX 77002<br>Attorney For Defendant Crystal Estrada | ___ Opposed<br>_x_ Unopposed<br>___ No Response<br>___ Responded But No Position Stated<br>      Whether Opposed or Unopposed |
| Suzanne Bradley<br>Harris County Attorney's Office<br>1019 Congress, 15th Floor<br>Houston, TX 77002<br>Attorney For Defendant Victor Page | ___ Opposed<br>_x_ Unopposed<br>___ No Response<br>___ Responded But No Position Stated<br>      Whether Opposed or Unopposed |
| David Adler<br>6750 W. Loop S., Ste. 120<br>Bellaire, TX 77401<br>Attorney For Defendant Mohanad Alobaidi | ___ Opposed<br>_x_ Unopposed<br>___ No Response<br>___ Responded But No Position Stated<br>      Whether Opposed or Unopposed |
| Anthony Malley, III<br>1485 Wellington Circle<br>Beaumont, TX 77706<br>Jason Patrick Scofield<br>4800 Fournace Place, Ste. E618<br>Houston, TX 77040<br>Attorneys For Intervenors | ___ Opposed<br>___ Unopposed<br>___ No Response<br>_x_ Responded But No Position Stated<br>      Whether Opposed or Unopposed |

                                                */s/ Richard Kuniansky*
                                                Richard Kuniansky

**CERTIFICATE OF SERVICE**

      I certify that, pursuant to the Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached is filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

                                             */s/ Richard Kuniansky*
                                             Richard Kuniansky

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF KENNETH ANDERSON, JR., *et al*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:21-cv-3730 |
| HARRIS COUNTY, TEXAS, *et. al*, | § § | |
| Defendants. | § | |

## <u>ORDER</u>

    The Court grants Defendant Mercy Garcia-Fernandez's Motion For A Narrowly Tailored Stay Of Discovery and will enter a protective order narrowly tailoring discovery to protect Defendant Garcia's Fifth Amendment privilege against self-incrimination and to limit discovery to that which is necessary to address the issue she has raised that the case against her is barred by qualified immunity.

    It is so ORDERED. March ___, 2022.

_____
Honorable Alfred H. Bennett.
United States District Judge