UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF KENNETH ANDERSON, JR., *et al*, | § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. 4:21-cv-3730 |
| HARRIS COUNTY, TEXAS, *et. al*, | § § | |
| Defendants. | § | |

**DEFENDANT MOHANAD ALOBAIDI'S
MOTION TO STAY PROCEEDINGS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Mohanad Alobaidi ("Alobaidi") files this motion to stay and respectfully shows the Court as follows:

**I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS**

1. This civil rights lawsuit stems from the arrest and death of Kenneth Anderson ("Anderson") on or about October 10, 2021 (the "incident"). [Doc. #1]. Plaintiffs allege claims pursuant to 42 U.S.C. Section 1983 and other federal statutes and state law claims against the County and Deputies in the Harris County Sheriff's Office ("HCSO"). [Doc. #1, ¶¶33-149].

2. A month and four days after the arrest and death of Anderson, this action was filed. Because this was an in-custody death, at this time the following investigations of this incident are pending: HCSO Internal Affairs Division and Homicide Division investigations and a District Attorney investigation.

**II. STATEMENT OF ISSUE, SUMMARY OF ARGUMENT
AND ARGUMENT**

**A. Statement of Issue**

1. The issue to be ruled upon by the Court is as follows:

1

(a) Whether to stay proceedings pending the resolution of ongoing investigations.

**B.** **Summary of Argument**

2. Deputy Alobaidi respectfully submits that this Court should stay all proceedings in this case during the pendency of the investigations arising from the incident. This Court has wide discretion to control its docket, and Plaintiffs will not suffer substantial and irreparable prejudice if this Court grants a brief stay.

**C.** **Argument**

3. Because of multiple ongoing investigations by the District Attorney and Divisions within HCSO, a discovery stay, rather than expedited discovery, is warranted. *See United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1990) (holding that the decision to stay pending litigation is within the trial court's wide discretion to control the course of litigation). Such a stay contemplates "special circumstances" and the need to avoid "substantial and irreparable prejudice". *Little Al*, 712 F.2d 136. Various courts have outlined several factors to be considered in determining whether "special circumstances" warrant a stay, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of plaintiffs in proceedings expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burdens on the defendants; (5) the interests of the courts; (6) the public interest. *See Alcala v. Tex. Webb Cty*, 625 F.Supp.2d 391, 398-99 (S.D. Tex. 2009) (citing cases).

4. The similarity of issues in the parallel civil and criminal actions "is considered the most important threshold issue in determining whether to grant a stay." *Dominguez v. The Hartford Financial Services Grp., Inc.,* 530 F.Supp.2d 902, 906-07 (S.D. Tex. 2008). In

this case the civil case and criminal investigation involve the same nucleus of facts, i.e., the events leading up to and surrounding the death of Kenneth Anderson.

5. With respect to the second factor, the status of the criminal case, although no indictment has been returned in the criminal investigation, at this very early stage, the interest of justice supports a stay to protect the integrity of the nascent criminal investigation.

> The very fact that there is clear distinction between the civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

6. Indeed, the unimpeded resolution of the criminal investigations will serve both the interests of the public and the parties.

7. With respect to the third factor, the interests of plaintiffs in proceeding expeditiously weighed against prejudice caused by a delay, the temporal proximity of the incident supports a stay. Because the incident occurred recently, approximately four months ago, on October 10. 2021, a stay will not prejudice the progress of this civil action. This Court set the initial pretrial and scheduling conference for February 25, 2022. Nonetheless, Plaintiffs had previously commenced discovery and sought expedited discovery from the Texas Commission on Jail Standards and other governmental entities. [Doc. 12].

8. With respect to the fourth factor, the private interests and burdens of the defendants, the defendants will suffer no prejudice by a stay in this case. A stay will preserve individual defendants' rights against self-incrimination and preserve the integrity of the criminal investigation and any subsequent prosecution.

9. The fifth factor, the interest of the courts, and the sixth factor, the public interest, support

a stay so that the criminal case may proceed with priority:

> There is a clearcut distinction between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a criminal trial, and between the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. but these distinctions do not mean that a civil action and a criminal action involving the same parties and some of the same issues are so unrelated that in determining good cause for discovery in the civil suit, a determination that requires the weighing of effects, the trial judge in the civil proceeding should ignore the effect discovery would have on a criminal proceeding that is pending or just about to be brought. The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell v. Eastland*, 307 F.2d at 487.

10. Permitting the parties to proceed with discovery or to have expedited discovery at this stage would substantially and irreparably prejudice the ongoing investigations, particularly the District Attorney's investigation, because it would allow the parties to gain advance notice of witnesses' testimony and an opportunity to shape their testimony accordingly. Deputy Alobaidi respectfully submits that a brief stay will benefit the parties, the public and the orderly administration of the Courts.

11. Moreover, parallel civil and criminal proceedings run a real risk that Deputy Alobaidi may have to surrender rights guaranteed to him by the Fifth Amendment of the United States Constitution in order to properly defend against the civil case. When evaluating this factor, the Court should consider whether by allowing the civil case to continue, the defendant can effectively defend the civil lawsuit without being pressured into waiving his Fifth Amendment rights. *Alcala*, 625 F.Supp. at 401. It is well established that in a civil case, a jury may draw negative

inferences from a party's assertion of the privilege against self-incrimination. The United States Supreme Court stated: "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify *in response to probative evidence offered against them*." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (*emphasis added*). Although not precedent, Texas state courts have followed this rule. *See* Tex.R.Evid. 513( c); See also *Webb v. Maldonado*, 331 S.W.3d 879, 883 (Tex.App. 2011); *Wilz v. Flournay*, 228 S.W.3d 674, 677 (Tex. 2007). Further, in a civil case, a judge may give the adverse instruction; that is, the jury may consider assertion of the 5th Amendment to the detriment of the defendant. This, if the court does not grant the stay, Plaintiff will be able to argue to the jury that it can assume Defendant is at fault because he exercised his 5th Amendment privilege.

**Conclusion**

12. For the reasons stated herein, Deputy Alobaidi requests that this Court, after weighing the interests of the parties, this Court, and the public, grant a stay of proceedings as necessary in the interest of justice in order to avoid substantial and irreparable prejudice in the criminal investigation and possible subsequent prosecution in the death of Kenneth Anderson.

WHEREFORE, PREMISES CONSIDERED, Deputy Alobaidi requests that this Court stay all proceedings in the instant suit until after the conclusion of the criminal investigation of the death of Kenneth Anderson and any subsequent criminal prosecution.

Respectfully submitted,

Date: March 10, 2022

*/s/ David Adler*
David Adler
State Bar of Texas 00923150

6750 West Loop South  
Suite 120  
Bellaire, Texas 77401  
Tel: (713) 666-7576  
Fax: (713) 665-7070  
Davidadler1@hotmail.com

**CERTIFICATE OF CONFERENCE**

Plaintiff's counsel is opposed to this motion.

       */s/ David Adler*
       David Adler

**CERTIFICATE OF SERVICE**

I certify that, pursuant to the Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached is filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

       */s/ David Adler*
       David Adler