**Whitney Wester**
Associate
wwester@bradley.com
713.576.0358 Direct
713.576.0301 Fax



April 24, 2023

**Via Email:**
George Edwards III
Eman Patricia Arabi Katbi
Stephany M. Simien
602 Sawyer Street, Suite 490
Houston, Texas 77007
george@eslawpartners.com
eman@eslawpartners.com
stephany@eslawpartners.com

**Via Email:**
Allen H. Zwernemann
800 Sawyer Street
Houston, Texas 77007
az@azlf.com

**Via Email:**
Richard Kuniansky
440 Louisiana, Suite 1400
Houston, Texas 77002
rkuniansky@gmail.com

**Via Email:**
Ricardo Navarro
Lowell Denton
Kelly Albin
549 N. Egret Bay, Suite 200
League City, Texas 77573
rjnavarro@rampagelaw.com
lfdenton@rampagelaw.com
kralbin@rampagelaw.com

**Via Email:**
David B. Adler
6750 W. Loop S., Suite 120
Bellaire, Texas 77401
davidadler1@hotmail.com

**Re:** Plaintiff's First Set of Requests for Admission, Requests for Production, and Interrogatories to Defendant Victor Page
*Estate of Kenneth Anderson, Jr. et al. v. Harris County, et al.,* Civil Action No. 4:21-cv-3730 (S.D. Tex.)

Counsel:

This letter is meant to address Plaintiff's recent written discovery requests to Defendant Victor Page. Based on applicable Fifth Circuit precedent, direction from the court at the latest status hearing on December 2, 2022, and Defendant Page's recently filed Motion for Judgment on the Pleadings and Motion to Stay, it is Defendant Page's position that discovery against the individual defendants is effectively stayed until the Court rules on Page's Motion for Judgment on the Pleadings and expressly allows discovery against the individual defendants to go forward. Therefore, we object to this discovery as premature and stayed under applicable law, reserving—and without waiver of—any substantive objections we have to the discovery requests, themselves.

Recently, new Fifth Circuit precedent has made it clear that pre-dismissal discovery is not allowed where a defendant has challenged the sufficiency of the pleadings based on qualified immunity grounds. See Carswell v. Camp, 54 F.4th 307 (5th Cir. 2022). On December 2, 2022,

Plaintiff asked the Court to allow them to proceed with discovery against the individual defendants. In response, the Honorable Judge Bennett discussed alternative discovery going forward including third party depositions and third party written discovery, but confirmed that discovery against the individual defendants could not go forward at this time because "limited discovery on the qualified immunity issue is no longer acceptable under Fifth Circuit guidance as it previously was." 12/2/22 status conference, *Estate of Kenneth Anderson, Jr. et al. v. Harris County, et al.,* Civil Action No. 4:21-cv-3730 (S.D. Tex.). On April 24, 2023, Page filed a 12(c) Motion for Judgment on the Pleadings partially based on qualified immunity and included a Motion to Stay discovery. Because the Court has not entered an order expressly permitting discovery against the individual defendants to go forward, and in light of Page's Motion to Stay, Defendant Page objects to Plaintiff's First Set of Requests for Admission, Requests for Production, and Interrogatories in their entirety and does not intend to further respond at this time.

Respectfully,

*Whitney Wester*

Whitney Wester