UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF KENNETH ANDERSON, JR., § | | |
| KENNETH DARIUS ANDERSON, § | | |
| KRISTEN SANDOVAL, A/N/F OF § | | |
| N.B.A. AND N.K.A., AND ALL § | | |
| WRONGFUL DEATH BENEFICIARIES § | | |
| OF KENNETH ANDERSON JR. § | | |
| § | | |
| *Plaintiffs,* § | | |
| § | | |
| VS. § | CIVIL ACTION NO. 4:21-cv-3730 | |
| § | | |
| HARRIS COUNTY, TEXAS, § | | |
| DEPUTY MOHANAD ALOBAIDI, § | | |
| DEPUTY CRYSTAL ESTRADA, § | | |
| DEPUTY VICTOR PAGE, AND § | | |
| DEPUTY MERCY GARCIA-FERNANDEZ § | | |
| § | | |
| *Defendants.* § | JURY TRIAL DEMANDED | |

**PLAINTIFFS' RESPONSE TO ALL DEFENDANTS' MOTIONS TO FILE UNDER SEAL**

Plaintiffs file this Response to All Defendants' Motions to File Under Seal [Doc. 164] [Doc. 171] [Doc. 173] [Doc. 174], and for such would respectfully show the Court as follows:

Defendant Harris County produced body worn camera footage, dash camera footage, Sallyport videos, Faddy's Store videos, and La Ruta Food Truck videos (together the "Camera Footage" available at Bates Stamped files HC# 000083-166 and 2721-2723) in response to Plaintiffs' requests for production. Defendant Harris County unilaterally marked the Camera Footage as "Confidential." However, Defendant cannot demonstrate a compelling interest, or in the alternative, good cause, to keep the Camera Footage confidential.

Pursuant to this incorrect designation of the Camera Footage as "Confidential", the deputy defendants filed under seal, three body camera videos as exhibits to Defendant Estrada's Motion

1

for Judgment on the Pleadings. Plaintiffs respectfully request that this Court remove the Confidential designation of any body worn camera in this case. Plaintiffs are not opposed to this Court or the jury viewing the body worn camera, Plaintiffs simply object that they are due confidential status so as to invoke the procedures to file same under seal. These body worn cameras are paid for with public funds, and the public has a right to view what their peace officers do to citizens.

The Fifth Circuit allows a trial court discretion to determine whether records before the Court should be sealed or marked confidential. *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017). Nevertheless, courts should exercise this discretion "sparingly in light of the public's right to access." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). In *Binh Hoa Le v. Exeter Fin. Corp.*, the Fifth Circuit discussed the relevant legal standards: (1) good cause standard to apply to protective orders sealing documents produced in discovery; and (2) the "stricter balancing test" which applies once a document is filed on the public record which requires "<u>compelling countervailing interests</u> favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021) (emphasis added). Under both tests, the presumption is that the production is public and the party seeking protection or confidentiality, must justify the secrecy. *Id.* Judges must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." *Sealed Search Warrants*, 868 F.3d at 390 (case-specific approach) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)).

The Camera Footage should never have been marked as Confidential because neither Defendant Harris County, nor any of the other Defendants in this case, can provide a compelling

interest favoring nondisclosure of the Camera Footage. The public's interest in police misconduct and official corruption vastly outweighs any attenuated potential interest that Defendants may have in keeping the Camera Footage confidential. Thus, Defendants cannot satisfy the Fifth Circuit's balancing test to keep the Camera Footage sealed. In the alternative, Defendants cannot demonstrate good cause to retain the "Confidential" designation on the Camera Footage because: (1) Defendant Harris County has no cognizable interest in keeping the Camera Footage confidential; and (2) Deputy Defendants' claimed interest in a hypothetical criminal proceeding and jury have now become moot. Furthermore, by definition, video footage is public information under Texas law. *See* TEX. GOV'T. CODE § 552.002. Therefore, Plaintiffs respectfully request that this Court order Defendant Harris County to remove the "Confidential" designation as to the Camera Footage and order that any body worn camera footage may be publicly filed without a seal of confidentiality.

## CONCLUSION

For the above-stated reasons, Plaintiffs respectfully request that this Court remove the "Confidential" designation as to the Camera Footage and order that the body worn camera footage can be filed without a seal of confidentiality. Plaintiffs further request any other relief to which they may be entitled.

Respectfully submitted,

**EDWARDS SUTARWALLA PLLC**

By: */s/ George Edwards III*
George Edwards III
State Bar No. 24055438
Fed. Id. No. 1031248
Eman Patricia Arabi Katbi
State Bar No. 24092045

3

Fed. Id. No. 3355458
Stephany M. Simien
State Bar No. 24117297
Fed. Id. No. 3698005
602 Sawyer Street
Suite 490
Houston, Texas 77007
Phone: (713) 565-1353
Fax: (713) 583-8715
Email: george@eslawpartners.com
Email: eman@eslawpartners.com
Email: stephany@eslawpartners.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing instrument has been served in compliance with Federal Rules of Civil Procedure Rule 5(b)(2) on April 26, 2023.

_____
George Edwards III