UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF KENNETH ANDERSON, JR., *et al*,<br>    Plaintiffs,<br><br>and<br><br>EVELYN FAY AYERS-WOODS, *et al*,<br>    Intervenors,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, *et. al*,<br>    Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 4:21-cv-3730 |

### DEFENDANT CRISTAL ESTRADA'S MOTION TO DISMISS INTERVENORS' SECOND/THIRD AMENDED COMPLAINT AND MOTION TO STAY DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Cristal Estrada ("Estrada") files this Motion to Dismiss with respect to Intervenors' Second/Third Amended Complaint [Doc. #233] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Estrada would respectfully show the Court as follows:

## I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. This civil rights lawsuit stems from the arrest and death of Kenneth Anderson on October 10, 2021 [Doc. #233] (complaint). Intervenors allege claims pursuant to 42 U.S.C. Section 1983 against Harris County Sheriff Deputies in the Harris County Sheriff's Office ("HCSO") [Doc. #233].

2. This Court has permitted Intervenors to amend and set December 8, 2023 as the deadline for a responsive pleading to the complaint.

## II. STATEMENT OF ISSUES, SUMMARY OF ARGUMENT AND STANDARD OF REVIEW

**A. Statement Of Issues**

3. The issues to be ruled upon by the Court regarding Estrada are as follows:

(a) Must all federal claims against HCSO Deputy Cristal Estrada be dismissed pursuant to Rule 12(b)(6)?

**B. Summary of Argument**

4. Estrada did not use excessive force upon Mr. Anderson, did not fail to intervene when he was allegedly tased or choked, and did not fail to render/summon medical care. Indeed, she requested emergency care after arriving at the scene of his accident. By reference to present tense as well as past tense in their allegations, Intervenors appear to track the body worn camera (BWC) footage. Estrada submits that the BWC undermines the current claims and should be considered by this Court.

**C. Standard of Review**

5. **Standard of Review.** Rule 12(b)(6) provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted. *Washington v. United States Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 768 (N.D. Tex. 1996). A motion to dismiss under Rule 12(b)(6)

tests the legal sufficiency of the claims stated in the complaint, and such a motion must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); see also *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted). There are two primary considerations for a court's analysis of the propriety of a motion to dismiss under Rule 12(b)(6). First, the allegations contained in the complaint are to be construed in the plaintiff's favor and all well-pleaded facts are to be accepted as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Washington*, 953 F. Supp. at 768. However, conclusory statements in a complaint are not to be accorded a presumption of truth. *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Washington*, 953 F. Supp at 768. Therefore, conclusory allegations and legal conclusions masquerading as factual assertions are not adequate to prevent dismissal for failure to state a claim. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Second, the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that the factual allegations in a complaint must be specific enough to raise a right to relief above the speculative level on the assumption that all of the allegations are true. *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). That is, it is no longer sufficient that relief could be granted under some theoretical set of facts consistent with a complaint's allegations, which was the familiar standard the Supreme Court established in *Conley*. Rather, under *Twombly*, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* If a complaint fails to state a claim upon which relief can be

3

granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

6. Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

7. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action,

supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

### III. ARGUMENT AND AUTHORITIES

#### A. All Claims against Estrada Should be Dismissed

8. **Estrada is Entitled to Qualified Immunity.** Estrada asserts that she is immune from suit and therefore, not liable because she is cloaked by qualified immunity. Qualified immunity shields governmental defendants "from civil damages liability unless [they] violated a statute or constitutional right that was clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion to dismiss, the Court must determine whether 'the plaintiff's pleadings assert facts, which if true, would overcome the defense of qualified immunity.'" *Rojero v. El Paso County*, 226 F.Supp.3d 768, 776-777 (W.D. Tex. Apr 28, 2016) (citation omitted); *see also Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 201 (5th Cir. 2020).

9. The "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). "Conclusory allegations and unsubstantiated assertions cannot overcome the qualified immunity defense." *Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D. Tex. Jun 5, 2019) (citation omitted). Intervenors, in this case, have not met the pleading standard necessary to subject Estrada to the burdens of litigation.

10. In order for an official to be found liable under §1983, an official must have been personally and directly involved in conduct causing an alleged deprivation of an individual's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983); *see also Spence v. Nelson*, 603 F. App'x 250, 255 (5th Cir. 2015) (per curiam) (quoting *Jones v. Lowndes County*, 678 F.3d 344, 349 (5th Cir. 2012)). Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676. In other words, a defendant's personal involvement is an essential element of a §1983 claim, which must be pleaded with specific facts and not conclusory allegations. *See Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005) (citation omitted); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

11. Intervenors' narration of facts is an attempt to track the BWC footage, notably as it is framed in the present tense. For example in paragraphs 30, 35, 72, 76, 78, 82, 84, 86, 87, 96, 97, 98, 100, 101, 102, 104, 105, 109, 111, 113-126 of their complaint, Intervenors frame their allegations in the present tense. Because the BWC footage is relied upon and central to the Intervenors' claims, this Court may appropriately consider the actual videos. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016), citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)(Court may consider "[d]ocuments that a defendant attaches to a motion to dismiss. . .if they are referred to in the plaintiff's complaint and are central to her claim.").

12. Because they are labeled "confidential," Estrada's body worn camera videos (videos 84, 85 and 86) were previously filed concurrently in a motion to file under seal as "**Exhibit 1**" in Doc

#163]. Rather than seeking to refile the same videos, Estrada requests the Court to consider the videos previously submitted. Video 84 at 3:25:34 depicts Estrada summoning emergency medical personnel for Mr. Anderson at the scene of his automobile accident. Fire Department EMS are on scene checking Mr. Anderson out at 3:45:22. The first use of taser which is accompanied by a clicking sound occurs at 4:49:30 on video 85 when multiple deputies are attempting to get Mr. Anderson into Alobaidi's patrol vehicle as Mr. Anderson resists their efforts and commands. Estrada is positioned behind several of the Deputies, including Deputy Alobaidi. Her view is completely blocked by their backs. To the extent that a single application is a drive-stun effort to obtain compliance, it is not excessive force, and there can be no claim of failing to intervene. *See Cloud v. Stone*, 993 F.3d 379 footnote 2 (5th Cir. 2021) (noting that a drive-stun application does not cause muscular seizing, but a painful shock). *See also Ayala v. Aransas County*, 2:15-cv-335, 2016 WL 6627867 at *6 (S.D. Tex. Nov. 9, 2016) (finding an officer's use of a taser in order to get an arrestee into a vehicle, objectively reasonable); *Poole v. City of Shreveport*, 691 F.3d 624, 629 (5th Cir. 2012) (holding that an officer's quick application of a drive stun in order to subdue a noncompliant arrestee, after multiple commands, was reasonable).

13. By audio recording, subsequent taser application clicks occur at 4:50:34 and 4:51:24 on video 85. Estrada is even farther from Mr. Anderson at those moments than she was during the first taser application and as such has no duty or opportunity to intervene. Indeed, the video shows she is retrieving disposable gloves for Deputy Garcia. Neither is Estrada liable under a theory of bystander liability for the alleged choking incident by Deputy Page. She wasn't there. Bystander liability attaches under §1983 where the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). Estrada's body camera

footage shows there is no basis to impose bystander liability upon her for any use of force. Finally, emergency medical personnel are again present on video 86 at 5:13:03-5:14:45. Thus, at the beginning and end of Estrada's body camera footage, emergency medical personnel are present and assessing and reassessing Mr. Anderson. He is not deprived of medical care, and Estrada should be granted judgment on the bystander claim.

14. **No Denial of Medical Care.** With respect to the Fourteenth Amendment claim of delay/denial of medical care, there is no evidence that Estrada was subjectively deliberately indifferent to Mr. Anderson's serious medical need. *See Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994). Indeed, Estrada summoned emergency care at the scene of the arrest; the paramedics cleared Mr. Anderson for transport and Estrada was not present during Mr. Anderson's transport to jail and his arrival at the Joint Processing Center.

15. **Estrada is Entitled to Stay of Discovery**. Estrada has asserted that she is entitled to qualified immunity. Immunity is intended to shield the defendant from the burdens of defending the suit. One of the benefits of an immunity defense is "avoiding the costs and general consequences of subjecting public officials to the risks of discovery." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-144 (1993). The benefit of avoiding the burden of discovery is lost when defendants are forced to move forward with discovery before their immunity defense has been resolved. *See Id.* at 145; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009) (recognizing "serious and legitimate reasons" for the basic thrust of qualified immunity—to free government officials from the concerns of litigation, including disruptive discovery, and noting that permitting discovery to proceed as to other defendants would prejudice defendants who have asserted qualified immunity). Because Estrada has raised qualified immunity, discovery cannot be permitted against her before this Court rules on the pending motion for

judgment on the pleadings. *See Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022); Estrada therefore, respectfully move this Court to stay all discovery until Estrada's assertion of immunity is resolved.

## CONCLUSION

16. For the reasons stated herein, Intervenors' Fourth and Fourteenth Amendment excessive force, bystander and delay/denial of medical care claims must be dismissed as to Estrada as she is entitled to judgment or dismissal on each claim.

WHEREFORE, PREMISES CONSIDERED, Defendant CRISTAL ESTRADA requests that the Court grant her motions and enter an order dismissing Intervenors' claims against her, award her judgment, costs and attorneys' fees and grant all other relief to which she is entitled.

Date: December 7, 2023

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL
ESTATE DIVISIONS

By: */s/ Jim Butt*
**JAMES C. BUTT**
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
1019 Congress
Houston, Texas 77002
Tel: (713) 274-5133 (direct)
Fax: (713) 755-8823
james.butt@cao.hctx.net
**GREGORY BURNETT**
Assistant County Attorney

ATTORNEY TO BE NOTICED
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF CONFERENCE

I certify that I conferred with Intervenors' counsel on a motion to stay discovery on December 6, 2023. On December 7, 2023 Intervenors' counsel advised they oppose the motion to stay.

*/s/ Jim Butt*
Jim Butt

### CERTIFICATE OF SERVICE

I certify that, pursuant to the Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached is filed with the clerk of the court using CM/ECF system, which will send electronic notification for those of record.

*/s/ Jim Butt*
Jim Butt