United States District Court
Southern District of Texas
**ENTERED**
September 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH D. ANDERSON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-03730 |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is Defendant Harris County, Texas's ("Harris County") Rule 12(c) Motion to Dismiss (the "Motion to Dismiss") (Doc. #286); Plaintiffs' Response (Doc. #292); Intervenors Kenneth Anderson, Sr. and Evelyn Ayers-Woods' (collectively, "Intervenors") Response (Doc. #294); Harris County's Reply (Doc. #295); and Intervenors' Sur-Reply (Doc. #298). Having considered the parties' arguments and the applicable legal authority, the Court grants the Motion to Dismiss.

## I. Background

### a. Factual Background

Having laid out the events of this case in its March 8, 2024 Order, the Court adopts and incorporates those facts by reference. Doc. #249. To summarize, this lawsuit arises from the death of Kenneth Anderson, Jr. ("Anderson") after he was arrested by Harris County deputies (the "Deputy Defendants"). Doc. # 30; Doc. #233. In the early morning of October 10, 2021, Anderson was involved in a single-vehicle accident in Houston, Texas. Doc. #30 ¶ 25; Doc. #233 ¶ 18. He had a history of mental illness. Doc. #30 ¶ 26; Doc. #233 ¶ 17. Shortly after the accident, one of

the Deputy Defendants arrived on scene and handcuffed Anderson. Doc. #30 ¶ 29; Doc. #233 ¶¶ 42–51. Emergency medical services ("EMS") also responded to the accident. Doc. # 233 ¶ 81.

Anderson remained handcuffed near the location of the accident for about an hour while more Deputy Defendants arrived on scene. Doc. #30 ¶¶ 25, 27–29; Doc. #233 ¶¶ 87, 101, 130. At about 4:25 a.m., Anderson was placed in the back of a patrol vehicle without incident. Doc. #30 ¶¶ 27–28; Doc. #233 ¶¶ 130–33. At that point, one of the Deputy Defendants told EMS it could leave. Doc. #233 ¶ 136. Anderson was transported to a nearby gas station and removed from the patrol vehicle. Doc. #30 ¶¶ 28, 30; Doc. #233 ¶¶ 145, 151. Anderson then admitted he had taken a controlled substance that night. Doc. #30 ¶ 30; Doc. #233 ¶ 154.

The Deputy Defendants then tried to once again place Anderson in the back of one of the patrol vehicles. Doc. #30 ¶ 30; Doc. #233 ¶ 158. Anderson would not get fully inside the vehicle and used his body to attempt to keep the vehicle door open. Doc. #30 ¶ 38; Doc. #233 ¶ 176. During the struggle to place him in the patrol vehicle, a Deputy Defendant used a taser to drive-stun Anderson. Doc. #30 ¶ 31; Doc. #233 ¶ 196. Anderson appeared disoriented, and EMS was called to the gas station. Doc. #30 ¶ 36; Doc. #233 ¶ 206. However, the Deputy Defendants did not ask that Anderson be taken to a medical facility. Doc. #30 ¶ 36; Doc. #233 ¶ 207. Rather, he was transported to the Harris County Joint Processing Center ("JPC"). Doc. #30 ¶ 39; Doc. #233 ¶ 208. Anderson was unresponsive when he arrived at the JPC, and EMS was called for the third time. Doc. #30 ¶ 39; Doc. #233 ¶¶ 208–12. JPC personnel attempted to resuscitate Anderson while they waited for EMS. Doc. #30 ¶ 39; Doc. #233 ¶ 213. After EMS arrived at the JPC, Anderson was transported to a nearby hospital, where he was pronounced dead at approximately 7:28 a.m. Doc. #30 ¶ 42.

**b. Procedural History**

On December 19, 2021, the family and estate of Anderson (collectively, the "Plaintiffs") filed their Amended Complaint. Doc. #30. Anderson's parents—the Intervenors—intervened in the case and filed their Amended Complaint on November 15, 2023. Doc. #233. The Plaintiffs' and Intervenors' Amended Complaints bring claims against Harris County and the Deputy Defendants. Doc. #30; Doc. #233. As to the Deputy Defendants, the Amended Complaints allege various state law claims, as well as excessive force, failure to intervene, failure to provide medical care, and bystander liability claims under 42 U.S.C. § 1983 ("Section 1983"). Doc. #30 ¶¶ 45–104; Doc. #233 ¶¶ 217–94. As to Harris County, Plaintiffs and Intervenors plead state law claims, as well as claims pursuant to Section 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973 ("RA"). Doc. #30 ¶¶ 45–169; Doc. #233 ¶¶ 395–481.

In an Order dated March 8, 2024, the Court disposed of many of Plaintiffs' and Intervenors' claims. Doc. #249. Specifically, the Court dismissed the state law claims against the Deputy Defendants; the state law claims against Harris County; the Eighth Amendment claims asserted against Harris County pursuant to Section 1983; all claims for punitive and exemplary damages against Harris County; and Intervenors' survival claim against Harris County. *Id.* The Court also dismissed all Section 1983 claims against the Deputy Defendants, except for an excessive force claim and its corresponding bystander liability claims. *Id.* On these particular claims, the Court found the Deputy Defendants were not entitled to qualified immunity. *Id.* at 19–23. The Deputy Defendants appealed the Court's denial of qualified immunity. Doc. #255.

The Fifth Circuit reversed, holding that the Amended Complaints "fail to show a constitutional violation" for excessive force. Doc. #279 at 19. Accordingly, as the Fifth Circuit explained, the corresponding bystander liability claim failed as well. *Id.* In light of the Fifth

Circuit's decision, Harris County moved to dismiss all remaining claims against it. Doc. #286.

## II. Legal Standard

### a. Federal Rule of Civil Procedure 12(b)(6)[1]

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claim. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss under Rule 12(b)(6), courts must liberally construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Id.* at 662. The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* at 678. In addition, all reasonable inferences must be drawn in the plaintiff's favor. *Severance v. Patterson*, 566 F. 3d. 490, 501 (5th Cir. 2009).

[1] Harris County seeks dismissal pursuant to Federal Rule of Civil Procedure Rule 12(c). Doc. #286. Courts "evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). The Court therefore evaluates Harris County's Motion to Dismiss under the Rule 12(b)(6) standard.

## III. Analysis

Harris County moves to dismiss all remaining claims asserted against it. Following the Court's March 8, 2024 Order, the only claims still pending against Harris County are for excessive force, denied medical care, failure to train, and failure to supervise under Section 1983, as well as alleged violations of the ADA and RA. Doc. #30; Doc. #233; Doc. #249. The Court first addresses the Section 1983 claims before turning to the ADA and RA claims.

### a. Section 1983 Claims

Harris County argues that all remaining Section 1983 claims asserted against it must be dismissed. Doc. #286 at 6. Under Section 1983, a municipality like Harris County may be subject to suit. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). More specifically, through so-called *Monell* claims, a plaintiff may allege that a local government entity "caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010). Alternatively, municipal liability may attach where the constitutional deprivation is pursuant to a governmental custom, even if such custom has not received formal approval. *Monell*, 436 U.S. at 691. The elements of a municipal liability claim are: (1) a policymaker, (2) an official policy or custom, and (3) "a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Hou.*, 291 F.3d 325, 328 (5th Cir. 2002).

Harris County contends that after this Court's March 8, 2024 Order and the Fifth Circuit's decision on appeal, any remaining Section 1983 claims fail because "there is no predicate Constitutional violation." Doc. #286 at 5–6. Indeed, "[m]unicipal liability under Section 1983 requires proof of a violation of constitutional rights." *Martinez v. Hinojosa*, 177 F.4th 654, 664–65 (5th Cir 2026); *see also Valdez v. City of Jacinto City, et al*, No. 25-20309, 2026 WL 2655142,

at *2 (5th Cir. Sept. 9, 2026) (per curiam) ("Without an underlying constitutional violation, an essential element of municipal liability is missing."); *Flores v. Aransas Cnty.*, No. 2:25-cv-162, 2025 WL 3488971, at *8 (S.D. Tex. Nov. 17, 2025) ("[A] *Monell* claim cannot proceed without a 'predicate constitutional violation.'" (quoting *Loftin v. City of Prentiss*, 33 F.4th 774, 783 (5th Cir. 2022))), *report and recommendation adopted*, 2025 WL 3487705 (S.D. Tex. Dec. 4, 2025). This Court and the Fifth Circuit have disposed of all alleged constitutional claims against the Deputy Defendants in their prior rulings. Doc. #249 at 15–26; Doc. #279 at 8–23.

Plaintiffs and Intervenors concede the Fifth Circuit's ruling "materially affects [their] excessive-force-based" theories against Harris County but nevertheless argue it does not resolve "every County-specific theory" of Section 1983 liability. Doc. #292 at 14–15; Doc. #294 at 14–15. But the claims against Harris County for denial of medical care, failure to train, and failure to supervise precedently require the existence of an underlying constitutional violation. *See Bonner v. Hinds Cnty.*, No. 3:14-cv-488, 2016 WL 1260789, at *7 (S.D. Miss. Mar. 30, 2016) (finding it "axiomatic" that a plaintiff cannot prevail on a *Monell* claim if he has "failed to show a constitutional violation on his inadequate medical care claim"); *El-Amin v. Flores*, No. H-17-1268, 2018 WL 8733162, at *13 (S.D. Tex. Dec. 19, 2018) ("[T]o succeed on a failure to train claim against a municipality, a plaintiff must show (1) inadequate training procedures; (2) that inadequate training caused the constitutional violation; and (3) the deliberate indifference of municipal policymakers."); *Romero v. City of Grapevine*, 888 F.3d 170, 178-79 (5th Cir. 2018) (holding that a plaintiff cannot plead a claim against a municipality for "deficient supervisory conduct" if there "is no underlying constitutional violation"). Thus, because the Court and Fifth Circuit disposed of *all* constitutional violations alleged against the Deputy Defendants, *all* Section 1983 claims against Harris County fail as a matter of law.

**b. ADA and Rehabilitation Act Claims**

Next, Harris County moves to dismiss Plaintiffs' and Intervenors' ADA and RA claims. Doc. #286 at 6–8. Under the ADA and RA, "an employer-municipality" may be held "liable for the vicarious acts of any of its employees." *McCollum v. Livingston*, No. 4:14-cv-3253, 2017 WL 608665, at *32 (S.D. Tex. Feb. 3, 2017) (citing *Delano-Pyle v. Victoria Cnty.*, 302 F.3d 567, 574–75 (5th Cir. 2002)). Courts in the Fifth Circuit follow the same framework in analyzing claims under the ADA and RA. *Strife v. Aldine Indep. Sch. Dist.*, No. 4:23-cv-358, 2023 WL 12274823, at *2 n.4 (S.D. Tex. Nov. 2, 2023) (citing *Kemp v. Holder*, 610 F.3d 231, 235 (5th Cir. 2010)). Specifically, to establish their ADA and RA claims, Plaintiffs and Intervenors must show: (1) Anderson was a qualified individual within the meaning of the ADA; (2) he was excluded from participation in, or denied benefits of, services, programs, or activities for which the public entity is responsible; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020); *Windham v. Harris Cnty.*, 875 F.3d 229, 235 (5th Cir. 2017).

Harris County argues the Court must dismiss the ADA and RA claims because Plaintiffs and Intervenors fail to plead any connection between the alleged discrimination and Anderson's disability. Doc. #286 at 8. Indeed, in reviewing the Amended Complaints, the Court finds no allegations which "demonstrate Anderson was denied" any benefits, services, programs, or activities "*on account of* [his] alleged disability." Doc. #295 at 4. Rather, Plaintiffs and Intervenors simply allege Anderson was discriminated against "by reason of his disability." Doc. #30 ¶ 162; Doc. #233 ¶ 444. But such "[c]onclusory allegations . . . are insufficient to state a plausible disability discrimination claim." *Brewster v. AVA Risk Grp. Ltd.*, No. H-20-1967, 2021 WL 5828376, at *2 (S.D. Tex. Nov. 16, 2021), *report and recommendation adopted*, 2022 WL

74332 (S.D. Tex. Jan. 7, 2022); *see Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012) (holding that a plaintiff did not establish an ADA claim where "[t]here [was] no evidence that the allegedly improper action . . . had any connection to his alleged disability"); *Shaw v. Floyd*, No. 3:16-cv-2647, 2017 WL 2348818, at *2 (N.D. Tex. Mar. 27, 2017) (dismissing an ADA claim on the basis that the plaintiff's "suggestion that [the defendants] discriminated against him on the basis of his disability . . . offer[ed] nothing more than 'labels and conclusions.'" (quoting *Twombly*, 550 U.S. at 555)). Thus, because Plaintiffs and Intervenors do not establish Anderson was denied benefits, services, programs, or activities by reason of his disability, the ADA and RA claims against Harris County must likewise be dismissed.

**IV. Conclusion**

For the foregoing reasons Harris County's Motion to Dismiss (Doc. #286) is hereby GRANTED. Accordingly, the remaining Section 1983 claims, the ADA claims, and the RA claims asserted against Harris County are DISMISSED.

It is so ORDERED.

SEP 25 2026

Date

The Honorable Alfred H. Bennett
United States District Judge